# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7701 | **DATE** | 10/30/12 |
| **CASE TITLE** | Michael Birks (2012-0530014) vs. Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted.  The Court authorizes and orders Cook County Jail officials to deduct $14.60 from Plaintiff's account, and to continue making monthly deductions in accordance with this order.  The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608.  On the Court's own motion, John Doe correctional officers are added as Defendants.  The clerk shall issue a summons for service on Dart and send Plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. Dart remains as a defendant solely so that Plaintiff can identify the John Doe Defendants.  The United States Marshals Service is appointed to serve Defendant.  Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]                                           Docketing to mail notices.

# STATEMENT

        Pro se Plaintiff, Michael Birks, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983.

        Plaintiff's motion for leave to proceed *in forma pauperis* is granted.  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $14.60.  The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court.  After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.  The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

        Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint because the plaintiff is a prisoner seeking redress from a government entity, officer, or employee.

        Plaintiff alleges that the showers in his division at the jail do not function properly causing him to be repeatedly exposed to raw sewage in the showers.  He further alleges that he and his cell mate cannot maintain a properly clean cell because they are denied cleaning supplies, which are particularly necessary in light of his cell mate having a colostomy bag.  The conditions in the shower area and his cell have allegedly made him ill, resulting in headaches and nausea.  Plaintiff complained to correctional officers who allegedly ignored the situation.

        The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by the state. *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004).  To state a claim premised on prison officials' failure to protect him from harm, a plaintiff must allege that defendants knew of and disregarded an "excessive risk" to his "health and safety." *Id.* at 882.  The question of defendants' culpability is subjective, but the risk is evaluated on an objective basis - the allegedly dangerous prison condition must deprive an

inmate of "the minimal civilized measures of life's necessities." *Id.*

In the objective stage of the inquiry, a detainee cannot be detained in conditions that are "so grave that to expose any unwilling individual to [them] would offend contemporary standards of decency." *Id*. Exposure to raw sewage is a sufficiently grave condition. *Id*. (citations omitted).

In the subjective stage of the inquiry, defendants' culpable state of mind, a correctional "official may be held liable . . . for denying humane conditions of confinement only if he knows [the detainee] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Plaintiff may proceed with this claim because the correctional officers allegedly ignored his repeated complaints about the exposure to raw sewage.

Plaintiff should be aware that his named Defendant, Sheriff Tom Dart, is ill-founded. Plaintiff fails to allege that Dart had any personal involvement in this case. "Plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The proper defendants in this matter are the correctional officers that ignored Plaintiff's complaints and they have not been named as defendants. Plaintiff should be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. Furthermore, he cannot obtain service (and relief) from John Doe Defendants; he must determine their names.

Sheriff Tom Dart remains as a defendant solely so that Plaintiff may discover the identity of the correctional officers at issue. Once an attorney has entered an appearance on Dart's behalf, Plaintiff is granted leave to send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the presently unnamed officers who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns their identities, he may submit a proposed amended complaint that names them under their actual names. Summonses will then issue for service on these defendants, and Sheriff Dart will be dismissed as a defendant. Plaintiff is advised that there is a two year statute of limitations for his claims. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Plaintiff must submit a proposed amended complaint naming these defendants within the statute of limitations period if he wishes to proceed against them. *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993).

Should Plaintiff decide to submit a proposed amended complaint, he must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

The clerk shall issue a summons for service on Defendant Dart and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Dart. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant. The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendant pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment of counsel is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to

## STATEMENT

request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)).  In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruitt*, 503 F.3d at 654-55).  This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d at 700 (quoting *Pruitt*, 503 F.3d at 655).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case at this time.  Plaintiff has articulated colorable claims and has adequately investigated the facts giving rise to his amended complaint.  Neither the legal issues raised in the amended complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

As Plaintiff appears more than capable of presenting his case, the Court declines to appoint counsel for Plaintiff at this time.  It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits.  Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.  Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.