# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BIRKS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 7701 |
| | ) | |
| | ) | Judge John Z. Lee |
| TOM J. DART, JOHN DOES, MS. HOPE, VALERIE LOPEZ, and SUPERINTENDENT REYES, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Michael Birks, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a claim for unconstitutional conditions of confinement due to substances in the shower area in his division at Cook County Jail. The remaining Defendants, Officer Hope, Officer Lopez, and Superintendent Reyes, have moved for summary judgment. For the reasons stated herein, the Court grants Defendants' motion.

## Local Rule 56.1

Motions for summary judgment in the Northern District of Illinois are governed by Local Rule ("LR") 56.1. "The obligation set forth in Local Rule 56.1 'is not a mere formality.' Rather, '[i]t follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial.'" *Delapaz v. Richardson,* 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted) (quoting *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 924 (7th Cir. 1994)). The Seventh Circuit has "routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions." *Yancick v. Hanna Steel Corp.,* 653 F.3d 532, 537 (7th Cir. 2011) (quotation omitted).

Local Rule 56.1(b)(3)(B) requires the nonmovant to file a "concise response to the movant's statement that shall contain . . . a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *See* LR 56.1(b)(3)(B). Local Rule 56.1(b)(3)(C) also "requires specifically that a litigant seeking to oppose a motion for summary judgment file a response that contains a separate 'statement . . . of any additional facts that require the denial of summary judgment.'" *Cichon v. Exelon Generation Co., L.L.C.,* 401 F.3d 803, 809 (7th Cir. 2005) (quoting LR 56.1).

The failure of a nonmoving party to abide by the rule's requirements carries significant consequences. "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." LR 56.1(b)(3); *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."). "This rule may be the most important litigation rule outside statutes of limitation because the consequences of failing to satisfy its requirements are so dire." *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000).

To provide *pro se* litigants with additional procedural protections, LR 56.2 requires movants to provide a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment." That notice was provided to the Plaintiff and clearly explained the requirements of the Local Rules and warned Plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. (Doc. No. 43.)

Despite receiving the admonitions and having multiple opportunities to respond, Plaintiff failed to file a response to each numbered paragraph in Defendants' statement of uncontested

facts. Instead, Plaintiff filed a general response, disputing that summary judgment should be granted. Accordingly, Defendants' statement of uncontested facts is deemed admitted. Because Plaintiff is proceeding *pro se*, however, the Court will consider the factual assertions he does make in his response, but only to the extent that he could properly testify about the matters asserted at trial – that is, only with respect to those facts within Plaintiff's personal knowledge. *See* Fed. R. Evid. 602.

## Factual Background

Plaintiff started his detention at Cook County Jail on May 30, 2012. (Defs.' 56.1(a)(3) Statement ¶ 1.) On June 16, 2012, he was transferred to Division I, Tier D4. (*Id.* ¶ 5.) On that day, Plaintiff noticed a clogged shower drain. (*Id.* ¶ 7.) The shower area in Tier D4 has one drain. (*Id.* ¶ 8.) On June 19, 2012, Plaintiff stuck his head into the shower area and observed bubbles coming up from the center drain. (*Id.* ¶ 9.) Although Plaintiff believed that feces were coming up from the shower drain, he never physically saw any feces. (*Id.* ¶ 10.) After June 19, 2012, Plaintiff never went back into the shower area. (*Id.* ¶ 11.) However, he avers that he observed "signs of bubbles and black substances" in the shower drain on several occasions. (Pl.'s Resp. Defs.' Mot. Summ. J. 1.) Plaintiff's cellmate wore a colostomy bag that caused their cell to smell like feces. (Defs.' 56.1(a)(3) Statement ¶ 13.)

Plaintiff also noticed water from the shower area enter the dayroom. (*Id.* ¶ 14.) The water, however, never entered Plaintiff's cell. (*Id.*) When the shower water entered the dayroom, it was cleaned by the detainees that same day. (*Id.* ¶ 15.)

Although Plaintiff believes he saw feces coming from the shower drain, the drain lines in Cook County Jail for the showers are separate from the drain lines from the toilets. (*Id.* ¶ 16.) If a shower drain is clogged, the only water that could come back up through the drain would be

the water that passed through the drain. (*Id.* ¶ 17.) Waste within the toilet's sanitary drain cannot discharge from the shower drain. (*Id.*)

Officer Lopez was the Work Order Coordinator of Division I in 2012. (*Id.* ¶ 18.) In that capacity, Officer Lopez prepared work orders for any repairs that needed to be made in Division I and submitted those work orders to the Cook County Department of Facilities Management. (*Id.* ¶ 19.) Facilities Management is responsible for performing any repairs at Cook County Jail. (*Id.* ¶ 20.) Officer Lopez is not responsible for making any repairs at Cook County Jail or determining the order in which work orders are completed by Facilities Management. (*Id.* ¶ 21.)

Work orders were prepared for clogged shower drains in Division I, Tier D4, on May 31, 2012, July 2, 2012, and July 17, 2012. (*Id.* ¶ 22.) These work orders were resolved by Facilities Management on June 1, 2012, July 5, 2012, and January 21, 2013, respectively. (*Id.*) The work order submitted on July 17, 2012, was deemed not to have been an emergency, and no immediate corrective action was taken at that time. (*Id.* at ¶ 23.) Facilities Management recorded this work order as "closed" during a preventative maintenance inspection. (*Id.*) There is no record of a work order alleging the discharge of human waste from the Division I, Tier D4's shower drain. (*Id.* ¶ 24.)

Neither Superintendent Reyes nor Officer Hope had any information that feces backed up inside Tier D4's shower drain and contaminated the tier. (*Id.* ¶ 25.) Plaintiff, however, avers that Officers Hope and Lopez were repeatedly told about shower issues. (Pl.'s Resp. Defs.' Mot. Summ. J. 1.)

Plaintiff did not use the shower on his tier from June 19, 2012, until August 2012. (Defs.' 56.1(a)(3) Statement ¶ 26.) During this time, Plaintiff was not prevented from using the shower on his tier, and he had a functioning sink and toilet in his cell. (*Id.* ¶¶ 26-27.) Plaintiff

4

used the sink in his cell and the toilet to relieve himself. (*Id.* ¶ 28.)

**Discussion**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate for cases in which "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has sufficiently demonstrated the absence of a genuine issue of material fact, the nonmoving party must then set forth specific facts showing there are disputed material facts that must be decided at trial. *Id.* at 321-22.

First, Defendants argue that Plaintiff does not have an actionable claim because he suffered no physical injury. An individual confined in jail cannot obtain compensatory damages without proving a physical injury. 42 U.S.C. § 1997e(e). However, "physical injury . . . is not a filing prerequisite for the federal civil action itself," because the individual can still obtain nominal and punitive damages. *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003). Thus, Section 1997e(e) does not bar Plaintiff's claim in that he can still seek nominal or punitive damages. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012); *Washington v. Hively*, 695 F.3d 641, 644 (7th Cir. 2012).

Next, Defendants argue that Plaintiff has failed to establish that the conditions of his confinement rose to the level of a constitutional violation. The Court agrees. A pretrial detainee's claim for unconstitutional conditions of confinement is analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *See Anderson v. Gutschenritter*, 836 F.2d 346, 348-49 (7th Cir. 1988). The relevant question for a due process analysis is whether the challenged condition of confinement constitutes punishment that rises to

the level of cruel and unusual punishment under the Eighth Amendment. *See Block v. Rutherford*, 486 U.S. 576, 583 (1984); *Tesch v. Cnty. of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998).

To determine whether the conditions of confinement constitute cruel and unusual punishment, the Court utilizes a two-pronged analysis, consisting of both an objective and subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 299-302 (1991). The objective component requires the Court to determine whether the alleged deprivation – the condition itself – was sufficiently serious to rise to the level of a constitutional violation. *Id.* The Constitution "does not mandate comfortable prisons," and only those deprivations denying the "minimal civilized measure[s] of life's necessities" are serious enough to implicate the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

The subjective component requires the Court to determine whether the defendant acted with the requisite culpable state of mind. *See Wilson*, 501 U.S. at 302. The subjective component is satisfied if a prison official acts with deliberate indifference, *i.e.*, the official knows of an excessive risk of inmate health or safety but disregards it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Negligence and gross negligence are insufficient to demonstrate deliberate indifference. Instead, the defendants must have "intend[ed] for [the plaintiff] to die or suffer grievously, or . . . act[ed] indifferently to a known risk that [the plaintiff] would die or suffer grievously." *Rapier v. Harris*, 172 F.3d 999, 1006 (7th Cir. 1999) (internal citation omitted); *see also Salazar v. City of Chi.*, 940 F.2d 233, 240 (7th Cir. 1991). To prevail on his claim, Plaintiff must establish both the objective and subjective components. *See Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994).

While the shower drain backing up may have created an unpleasant situation, the uncontested facts of this case demonstrate that Plaintiff did not suffer objectively inhume conditions of confinement. Plaintiff saw what he thought to be feces backing up from the shower drain. (Defs.' 56.1(a)(3) Statement ¶ 1.) Plaintiff, however, did not enter the shower area, and he concedes that he never physically saw any feces. (*Id.* ¶ 10.) Additionally, any water backing up from the shower area would not contain human waste because the shower drains are separate from the toilet drains. (*Id.* ¶¶ 16-17.)

Plaintiff also asserts that he observed water sometimes back up into the dayroom area. (*Id.* ¶ 14.) It is unclear how often this occurred, but it is undisputed that any water was cleaned up by detainees the same day. (*Id.* ¶ 15.) In addition, the two work orders for clogged drains in the shower area closest to the time Plaintiff observed water backing up into the shower area, May 31, 2012, and July 2, 2012, were performed by Facilities Management on June 1, 2013, and July 5, 2012, respectively. (*Id.* ¶ 22.)

In *Snipes v. DeTella*, the Seventh Circuit held that an inch or two of water in the shower due to an allegedly faulty drain, even when the plaintiff had an infected toe, did not rise to a constitutional violation. 95 F.3d 586, 592 (7th Cir. 1996). Here, Plaintiff asserts that water backed up the shower drain and water occasionally entered the day room. These conditions are not sufficiently serious to rise to the level of a constitutional violation. *Id.*; *see also Landfair v. Sheahan*, 878 F. Supp. 1106, 1112-13 (N.D. Ill. 1995) (deficiencies in shower plumbing that caused plaintiff to get athlete's foot did not rise to a constitutional violation).

Furthermore, while in TierD4, Plaintiff used the sink and toilet in his cell. (Defs.' 56.1(a)(3) Statement ¶¶ 27-28.) Thus, he had a means to maintain his daily hygiene and did not suffer from objectively inhumane conditions of confinement. *See Roberts v. Dep't of Corr.*, No.

94 C 7002, 1196 WL 526779, at * 3 (N.D. Ill. Sept. 12, 1996) (Holderman, J.) (staying in a cell with no running water (including a toilet) did not rise to a constitutional violation because plaintiffs were sometimes allowed to use a different toilet and they were not physically harmed by the lack of running water); *Smith v. Schwartz*, No. 10-721-GPM, 2011 WL 2115831, at *2 (S.D. Ill., May 26, 2011) (Murphy, J.) (denial of shower, cleaning supplies, and laundry service for thirty-two days did not rise to a constitutional violation).

Even assuming, however that objectively inhumane conditions of confinement existed, Plaintiff has failed to demonstrate that the Defendants acted with the requisite culpable state of mind. The uncontested facts demonstrate that Officer Lopez, the Work Order Coordinator for Plaintiff's tier, prepared the work orders for repairs and submitted the work orders to Facilities Management, which had the responsibility for performing any repairs. (Defs.' 56.1(a)(3) Statement ¶¶ 19, 22.) Thus, Officer Lopez did not turn a blind eye to the clogged shower drain. Rather, she prepared, completed, and submitted work orders to address the problem. Similarly, Plaintiff has not demonstrated that Superintendent Reyes and Officer Hope possess the necessary state of mind. (*Id*. ¶ 25.) Although Plaintiff claims he complained to them, he has failed to point to facts which even suggest that Reyes and Hope acted "indifferently to a known risk that he would die or suffer grievously." *Rapier*, 172 F.3d at 1006. Accordingly, Plaintiff has not demonstrated that these Defendants acted with deliberate or reckless disregard to his constitutional rights.

For the reasons discussed above, the Court concludes that no reasonable jury could find that the alleged conditions of Plaintiff's confinement constituted a violation of his Fourteenth Amendment rights. Accordingly, Defendants' motion for summary judgment is granted.

If Plaintiff wishes to appeal this final order, he may file a notice of appeal with this Court

within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment [42] is granted. The Clerk is directed to enter judgment in favor of Defendants pursuant to Federal Rule of Civil Procedure 56. Civil case terminated.


SO ORDERED                                              ENTER: 4/4/14

                                                                               John Z. Lee
                                                                               United States District Court Judge